# Beam's Appeal.

While guardians should encourage habits of industry in their wards they have no right to profit by them. A ward is as much entitled to compensation for valuable services rendered his guardian as for those rendered to a stranger. What that compensation should be must, of course, depend upon circumstances.

November 1st 1880. Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ. GORDON, TRUNKEY and GREEN, JJ., absent.

Appeal from the Orphans' Court of *Allegheny county :* Of October and November Term 1880, No. 5.

Appeal of Amanda Beam and John W. Snee, executors of Francis Beam, guardian, from the decree of the court upon the exceptions to the account of said guardian.

The court filed the following statement : " W. W. Huffman is the son of Henry Huffman and grandson of Lewis Huffman, Sr., deceased. Henry Huffman died before his father, leaving a widow and two sons. Letters of administration on his estate were granted to W. J. Huffman ; and Francis Beam was appointed guardian of his sons. The mother of W. W. Huffman was the sister of Francis Beam. After the death of Henry Huffman Mrs. Huffman and her children were taken by Mr. Beam to live with him, and so continued until W. W. Huffman attained his majority. During this period Mr. Beam cultivated, with the assistance of these children,

[Beam's Appeal.]

a farm of about one hundred acres of land. In the only triennial statement filed by Mr. Beam, as guardian of exceptant, he claims credit for "board of ward from April 1st 1864 to October 1869, at $2 per week, $557." It is now claimed that this credit is excessive, and evidence was offered to show, and established the fact, that the services of exceptant were the equivalent of the board charged."

The court filed the following opinion : "While guardians should, it is true, encourage habits of industry in their wards, they have no right to profit by them. A ward is as much entitled to compensation for valuable services rendered his guardian as those rendered a stranger. What that compensation shall be must of course depend on circumstances. In the present case the services rendered by exceptant were certainly the equivalent of the board charged against him. The assistance of himself and brother enabled his grandfather to dispense with the services of hired help in the cultivation of his farm, and this must have been an important saving. The proper cultivation of a hundred acres of land necessarily involves a large amount of labor.

"The relation which this exceptant bore to his guardian, as nephew and as a member of his family, is another reason for the disallowance of the charge for board in the absence of proof of a special arrangement made under the supervision of the Orphans' Court."

The court made a decree in accordance with the foregoing opinion, when the appellants took this appeal.

*Duff & Alcorn* and *Malcolm Hay*, for appellants.

*Robert B. Petty* and *Kennedy T. Friend*, for appellee.

The judgment of the Supreme Court was entered November 18th 1880,

PER CURIAM.—We affirm this decree upon the statement and opinion of the learned judge of the court below.

> Decree affirmed and appeal dismissed at the costs of the appellants.